No. 20,085.

JOSEPH H. HEAVEY, a Minor, etc., *Appellee,* v. THE LEAVEN-WORTH TERMINAL RAILWAY & BRIDGE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. DRAWBRIDGE—*Negligence of Superintendent—Injury to Employee—Petition—Evidence.* In an action for damages for personal injury sustained in opening the draw span of a bridge across a navigable river, an allegation of the petition that the bridge was not sufficiently open to permit the passage of a boat when the signal was given to the boat pass through is supported by evidence tending to prove that the draw was opened by levers and keys operated by hand, that when the draw was open at an angle of about forty-five degrees the de-fendant's foreman signaled the boat to pass through, that the boat then started through, that the foreman then signaled the plaintiff with the other workmen to close the bridge, that they started to do so, that the boat started to drift, that the bridge was not opened wide enough to permit the boat to pass through, that the foreman then gave a signal to open the draw wider, that this signal came too late, and that the boat struck the end of the draw span, causing the levers and keys to revolve rapidly, thereby injuring the plaintiff.

2. SAME—*Drawbridge Not Sufficiently Open—Proximate Cause.* Under such circumstances, the finding of the jury that the negligence of the defendant in not having the bridge sufficiently open was the cause of the plaintiff's injury shows that the negligence alleged was the proximate cause of the injury.

3. SAME—*Instructions—Dangerous Employment.* Under such circum-stances, it was not error to give instructions concerning dangerous employment.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge. Opinion filed April 8, 1916. Affirmed.

*A. E. Dempsey,* and *William W. Hooper,* both of Leaven-worth, for the appellant; *John Barton Payne,* of Chicago, Ill., of counsel.

*John T. O'Keefe,* of Leavenworth, for the appellee.

47—97 KAN.

The opinion of the court was delivered by

MARSHALL, J.: This is an action for damages for personal injury. The plaintiff recovered judgment and the defendant appeals. The action arises out of the same accident as that described in *Stocks v. Bridge Co.*, 94 Kan. 604, 146 Pac. 1178.

1. The facts as now presented differ a little from those presented in that case. The defendant operated a bridge across the Missouri river at Leavenworth. Near the Kansas side there was a draw span in the bridge, which opened to permit the passage of boats. At the time of the accident, a steamboat pushing a barge loaded with stone was attempting to pass through the bridge. The plaintiff with others was employed to open it. This was done by means of levers and operating keys, which turned the draw span. When the bridge was open about half-way, at an angle of forty-five degrees, the defendant's foreman, who was stationed on the bank of the river, signaled the boat to pass through. The boat started to do so, when the foreman ordered the men to close the bridge. This they started to do. While passing through the boat began to drift. The foreman then signaled to open the draw. This signal came too late. The boat hit one end of the draw, causing the keys and levers to revolve rapidly and to strike the plaintiff, inflicting the injury complained of.

The defendant contends that the finding of negligence was not supported by pleading or proof. One of the allegations of negligence is that the bridge was not sufficiently open, when the signal was given to the boat, to permit it to pass through. The defendant argues that it is not alleged that before the boat got fully through the defendant prematurely began closing the draw span. Was it necessary that this be alleged? The allegation is that the draw-span was not sufficiently open, when the signal was given to the boat, to permit it to pass through. The evidence shows that the boat could not get through, and that the foreman ordered the men to open the draw wider to let the boat through. Why open the draw wider? There is only one answer. That is that the bridge was not sufficiently open to let the boat pass through. This evidence tends to prove the specific act of negligence alleged in the petition. The failure to allege that before the boat got

fully through the draw span the defendant prematurely began closing it is immaterial. Sufficient negligence was alleged, and the evidence tended to prove that negligence.

2. It is argued that the negligence alleged was not the proximate cause of the injury. It is necessary that the negligence alleged be proved, and that it be the proximate cause of the injury. The jury answered questions, among others, as follows:

"What negligence of the defendant do you find was the cause of the injury to the plaintiff? A. Bridge was not sufficiently open.

"Did the striking of the draw span by the boat cause the lever which plaintiff was working with to revolve rapidly and strike the plaintiff? A. It did and the rapid revolution of the lever was the cause of the injury to the plaintiff."

The findings of the jury answer the defendant's argument.

3. The court instructed the jury concerning dangerous employment. Of this the defendant complains, and argues that these instructions were erroneous for the reason that they did not apply to the facts shown by the evidence. Before the accident that resulted in the injury to the plaintiff the work of opening the draw did not appear to be dangerous. It was a railroad and wagon bridge. The weight of the span was necessarily great. If any accident or mishap occurred in the opening of the span the work necessarily immediately became highly dangerous. The accident out of which this action grew demonstrated that fact. Under these circumstances it was not prejudicial error for the court to give these instructions to the jury.

The judgment is affirmed.